Kathleen M. KENNY; William E. Brock, Secretary of the United States Department of Labor, Plaintiffs-Appellants,

v.

Richard S. QUIGG; George A. Janis; John J. Rachel; John O. Gauthier; Robert W. Shaw; Fletcher K. Ware; William A. Simpson; William C. Fisher; RGI Inc.; Rehab Computer Inc., Restated Employee Money Purchase Trust; Rehab Computer Inc., Defendants-Appellees.

No. 86–2073.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 2, 1987.

Decided June 16, 1987.

Robert Emmet Nagle, Washington, D.C., on brief, for plaintiffs-appellants.

George P. Blackburn, Jr., Fairfax, Va., Donald J. Myers (Diane E. Burkley, Michael A. Curto, Pierson, Ball & Dowd, Washington, D.C., on brief), for defendants-appellees.

Before WIDENER and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

ERVIN, Circuit Judge:

This appeal arises out of litigation concerning the sale of stock owned by an employee stock ownership plan to the trustees of the plan and others. Kathleen M. Kenny, a participant in the plan, appeals from a final order approving the sale of the stock pursuant to the findings and conclusions of a court-appointed fiduciary. For the reasons discussed below, we reverse the decision of the district court and remand this case for further proceedings.

I.

Appellant Kathleen M. Kenny was employed by RGI, Inc., one of the appellees in this case. Prior to June 1984, all of RGI's stock was held by an employee stock ownership plan ("ESOP") for the benefit of RGI's employees. In June 1984, the five trustees of the ESOP, who were officers and directors of RGI, sold most of the RGI stock owned by the ESOP to themselves and three other RGI officers. The remainder of the RGI stock was sold to the company itself, to be held as treasury stock and then retired. The total price paid to the ESOP for the stock was $2.8 million. As part of the transaction, the ESOP was converted into a money purchase pension plan (the "Plan"). The eight purchasers of the RGI stock became trustees of the Plan.

After the sale of the RGI stock, the trustees of the Plan, RGI, and the Plan brought suit in the United States District Court for the Eastern District of Virginia, seeking court approval of the transaction. They named as defendants ninety employees of RGI who were participants in the Plan, including appellant Kenny. Kenny answered the complaint and filed a counterclaim. She alleged that by purchasing the RGI stock held by the ESOP, the ESOP trustees had breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1982). Kenny sought rescission of the sale of the RGI stock.

The district court appointed a special master to make an independent evaluation of the sale of the RGI stock. The special master concluded that in purchasing the RGI stock, the trustees of the ESOP had breached their fiduciary duties under ERISA by failing to act prudently and solely in the interest of the ESOP participants. The special master also found that the purchasers had paid the ESOP less than fair value for the RGI stock.

While the suit seeking court approval of the sale of the RGI stock was pending, the Secretary of Labor filed an action in the United States District Court for the Eastern District of Virginia against the trustees of the Plan, RGI, and the Plan. This ap-

peal arises from the Secretary's suit. The Secretary's complaint alleged that the ESOP trustees had violated ERISA in effecting the sale of the RGI stock and that the Plan trustees had violated ERISA in seeking court approval of the transaction.

The Secretary filed a proposed consent order with his complaint. All of the parties to the Secretary's suit agreed to this consent order, and the district court approved it. Upon entry of the consent order, the complaint and counterclaim in the original suit seeking court approval of the sale of the RGI stock were dismissed by agreement of the parties.

The consent order entered in the Secretary's suit appointed Mellon Bank to serve as an independent fiduciary of the Plan. The consent order provided that Mellon Bank was to determine whether the Plan should hold or dispose of the RGI stock. For purposes of this inquiry, Mellon was to assume that the 1984 sale of the stock to the Plan trustees had been rescinded. If Mellon found that a sale of the RGI stock would not be prudent, the consent order provided that the 1984 transaction would be rescinded immediately. If Mellon found that a sale of the stock would be prudent, the consent order directed it to execute a sale of the stock, "undertaking all reasonable efforts to obtain the best price and terms available under the circumstances for the stock." The consent order further provided that "[t]he Court will retain jurisdiction over this matter for the purpose of enforcing the terms of this Order."

Mellon Bank reported its findings and conclusions to the district court in October and November 1985. Relying solely on its own internal valuation of the RGI stock, Mellon concluded that the current fair market value of the stock was $2.6 million and that it would be in the best interests of the Plan's participants and beneficiaries not to rescind the 1984 transaction in which the stock had been sold for $2.8 million.

After the Mellon Bank report, the defendants in the Secretary's suit moved the district court for a final order confirming that Mellon had discharged its duties and that the 1984 sale of the RGI stock need

not be rescinded. The Secretary of Labor and appellant Kenny opposed this motion, arguing that Mellon had not adequately discharged the duties imposed on it by the consent order. The district court granted the defendants' motion for a final order, stating that all parties were bound by the decision of Mellon Bank, which the court was "unwilling to second-guess."

Kenny appealed from the district court's decision, but the Secretary did not. On appeal, Kenny contends that Mellon Bank failed to comply with the terms of the consent order and with its fiduciary duties in recommending that the 1984 sale of the RGI stock be allowed to stand. Kenny also maintains that the district court erred in approving the sale of the stock based on the Mellon Bank report.

The appellees have moved to dismiss Kenny's appeal on the ground that she was not a party to the suit below and did not seek to intervene on appeal in a timely fashion. With respect to the merits of Kenny's appeal, the appellees argue that the district court acted properly in approving the 1984 transaction based on the Mellon Bank report and that, in any event, Kenny is barred from challenging compliance with the consent order under res judicata principles.

## II.

■ We first consider the appellees' contention that the appeal should be dismissed because Kenny was not a party to the proceedings below and did not seek to intervene on appeal in a timely fashion. We recognize, of course, the general rule that persons who are neither original parties to, nor intervenors in, district court proceedings ordinarily may not appeal a judgment of the district court. The reason for such a rule is obvious: because a nonparty generally is not bound by a judgment, he ordinarily cannot be aggrieved by the judgment to the extent necessary to permit appellate review. *See, e.g., Newberry v. Davison Chemical Co.*, 65 F.2d 724, 729 (4th Cir.) (Because appellants were not named as parties and did not seek to intervene in proceedings in the district court,

they could not appeal from the decision of the district court, since "it is only a party affected by an order or decree who may appeal from it."), *cert. denied,* 290 U.S. 660, 54 S.Ct. 75, 78 L.Ed. 571 (1933).

There are, however, exceptions to the general rule precluding appeals by nonparties. For example, "it has been held that a person who had an interest in the cause litigated and participated in the proceedings actively enough to make him privy to the record may appeal despite the fact that he was not named in the complaint and did not intervene." 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.06, at 3–23 (2d ed. 1987) (citing *Adams v. Morton,* 581 F.2d 1314 (9th Cir.1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1498, 59 L.Ed.2d 771 (1979)); *see also In re Eastern Sugar Antitrust Litigation,* 697 F.2d 524, 527–28 (3d Cir.1982) (when nonparties had participated in settlement proceedings in district court and were aggrieved by district court's order which reduced settlement fund from which they were to recover, nonparties had standing to appeal); *Securities & Exchange Commission v. Lincoln Thrift Association,* 577 F.2d 600, 602–03 (9th Cir.1978) (because nonparties had participated in district court proceedings and had legitimate interest in outcome of those proceedings, nonparties had standing to appeal).

■ Our review of the record in this case indicates that Kenny participated significantly in the proceedings below and had a substantial interest in the outcome of those proceedings. The order dismissing Kenny's counterclaim in the original suit seeking court approval of the sale of the RGI stock permitted Kenny to participate in any communication to or from Mellon Bank acting in its capacity as independent fiduciary of the Plan. The record reveals that Kenny was apprised of Mellon's activities and of the proceedings in the district court. After the appellees filed their motion for a final order approving the sale of the stock pursuant to Mellon's recommendation, Kenny responded with her own memorandum opposing approval of the sale. In granting the appellees' motion for a final order, the district court considered, but rejected, Kenny's arguments in opposition to the appellees' motion.

The record also indicates that Kenny had a significant interest in the outcome of the Secretary's suit challenging the sale of the RGI stock. As a participant in the ESOP and the successor Plan, Kenny had a direct financial interest in the sale of the RGI stock held by the ESOP to the Plan trustees. In the counterclaim she filed to the original suit seeking court approval of the sale, Kenny asserted that the ESOP trustees had breached their fiduciary duties to the ESOP participants by effecting the sale. Kenny agreed to dismiss this counterclaim because she believed that the propriety of the sale of the stock would be adequately reviewed under the terms of the consent order entered in the Secretary's suit. When the Mellon Bank report led them to believe that Mellon had not complied with the terms of the consent order, both Kenny and the Secretary objected to approval of the sale of stock based on Mellon's recommendation. Because the Secretary declined to appeal the district court's final order approving the sale, Kenny is the only person now in a position to challenge Mellon's compliance with the consent order and the district court's approval of the sale based on Mellon's recommendation.

In our opinion, these facts establish that Kenny's interest and participation in the proceedings below were sufficient to permit her to pursue this appeal, even though Kenny was not a party to the Secretary's suit. Accordingly, we deny the appellees' motion to dismiss Kenny's appeal.

### III.

We turn next to the appellees' argument that Kenny is barred from challenging compliance with the terms of the consent order under res judicata principles. The appellees' attempted invocation of res judicata to preclude Kenny from pursuing this appeal is based on Kenny's voluntary dismissal with prejudice of her counterclaim in the original suit seeking court approval of the sale of the RGI stock.

■ Under the doctrine of res judicata, claims asserted in a subsequent suit may be barred by a prior adjudication if three requirements are met: (1) The first suit must have concluded in a final judgment on the merits; (2) The second suit must involve the assertion of claims by persons who were parties or in privity with parties in the first suit; and (3) The claims asserted in the second suit must be based on the same cause of action as the first suit. *See, e.g., Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1571, 94 L.Ed.2d 763 (1987). When, as in this case, a defendant interposes a counterclaim on which a valid and final judgment is rendered against him, res judicata will preclude the defendant from relitigating the claims asserted in the counterclaim. *See Restatement (Second) of Judgments* § 23, at 194 (1982). Because a voluntary dismissal with prejudice is a valid, final judgment on the merits, *see* 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.409[1.–2], at 317 (2d ed. 1984), Kenny's voluntary dismissal of her counterclaim with prejudice had potential res judicata effect.

■ In our opinion, however, the voluntary dismissal of Kenny's counterclaim with prejudice in the original suit cannot preclude Kenny from litigating the claims she asserts in this action. This is so because the claims Kenny asserts in the present suit are not based on the same cause of action as the claims asserted in her counterclaim. As noted previously, Kenny's counterclaim sought rescission of the sale of the RGI stock on the ground that the ESOP trustees had breached their fiduciary duties to the ESOP participants in effecting the sale. By contrast, Kenny contends in this appeal that Mellon Bank failed to comply with the terms of the consent order and with its fiduciary duties in reviewing the sale of the RGI stock, and that the district court erred in approving the sale based on Mellon's recommendation.

The claims that Kenny asserts in the present suit could not have arisen until after Mellon Bank had been appointed an independent fiduciary of the Plan and had presented its recommendations to the district court pursuant to the terms of the consent order. These events did not occur until after Kenny had agreed to dismiss her counterclaim in the original suit with prejudice. Thus, the claims that Kenny asserts in this suit did not exist at the time that Kenny's counterclaim was dismissed with prejudice, and they could not have been asserted as part of the counterclaim in the original suit. Under these circumstances, res judicata cannot preclude Kenny from litigating the claims she asserts in this appeal, because a prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 328, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955); *see also Harnett*, 800 F.2d at 1313 (existence of present claim at time of prior suit is determinative for res judicata purposes).

### IV.

Having concluded that Kenny's status as a nonparty in the proceedings below does not prevent her from pursuing this appeal, and that the claims Kenny asserts in this action are not barred by res judicata, we next consider the merits of Kenny's contentions on appeal. Kenny argues that in reviewing the sale of the RGI stock in its capacity as independent fiduciary of the Plan, Mellon Bank failed to fulfill its fiduciary obligations and the duties imposed on it by the consent order in three respects. First, Kenny claims that Mellon erred in relying solely on its own internal valuation of the RGI stock without reference to the market for such stock when the consent order required Mellon to undertake "all reasonable efforts to obtain the best price and terms available under the circumstances for the stock." Second, Kenny contends that Mellon's valuation of the RGI stock was flawed because of the arbitrary manner in which Mellon treated RGI's interest-

bearing debt. Last, Kenny argues that Mellon erred in failing to include in its valuation of the RGI stock the sum of $740,388, which had been paid out to the Plan trustees as dividends and distributions after the sale of the stock. As Kenny points out, the consent order directed Mellon to assume for purposes of its valuation that the sale of the RGI stock had been rescinded. If Mellon had performed its valuation in accordance with this assumption, it should have assumed that the Plan trustees had returned the distributions they had received, and such distributions should have been included in the valuation of the RGI stock.

The appellees do not dispute Kenny's claims concerning the flaws and inadequacies in Mellon Bank's review of the sale of the RGI stock. Rather, they contend that the district court correctly concluded that under the terms of the consent order, Mellon's determinations concerning the propriety of the sale of the RGI stock were final and not subject to judicial review. We find this argument unpersuasive.

■ In determining whether Mellon's assessment of the propriety of the sale of the RGI stock was subject to judicial review, we look to the terms of the consent order which authorized Mellon to review the sale as an independent fiduciary of the Plan. In doing so, we recognize that the construction of disputed terms of a consent order is an issue of law that is freely reviewable on appeal. *See Willie M. v. Hunt*, 657 F.2d 55, 59 (4th Cir.1981). The scope or meaning of a consent order must be discerned within the four corners of the document, and not from the way in which the consent order might have been written to satisfy the purposes of only one of the parties to it. *See United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256 (1971); *Willie M.*, 657 F.2d at 60.

■ When we look to the four corners of the consent order at issue in this case, we find that, contrary to the position of the district court and the appellees, the consent order did not preclude judicial review of Mellon Bank's performance of its duties as independent fiduciary of the Plan. The consent order specifically provided that "[t]he Court will retain jurisdiction over this matter for the purpose of enforcing the terms of this Order." The terms of the consent order included directions to Mellon Bank, as the Plan's independent fiduciary, to review the propriety of the sale of the RGI stock. We think that the district court's retention of jurisdiction for the purpose of enforcing the consent order empowered it to review Mellon's determinations and recommendations concerning the sale of the RGI stock. Contrary to the district court's view, the consent order was not a self-executing document under which the parties were automatically bound by any determination that Mellon might reach. In view of the claims made by Kenny and the Secretary concerning Mellon's failure to fulfill its fiduciary obligations and its duties under the consent order, we think that the district court had not only the power, but also the duty, to review the bases for Mellon's recommendation that the sale of the RGI stock remain undisturbed.

■ Furthermore, we believe that Kenny's objections to the manner in which Mellon Bank discharged its duties under the consent order were properly within the scope of the district court's review. For example, we think that the district court should have decided whether, as Kenny contends, Mellon improperly relied solely on its own internal valuation of the RGI stock when the consent order directed it to undertake "all reasonable efforts to obtain the best price and terms available under the circumstances for the stock." The district court never addressed Kenny's contention that Mellon's failure to seek out offers for the RGI stock in the market violated the terms of the consent order. In view of our determination that the district court had an obligation to review the bases for Mellon's determinations and recommendation, we think that the district court should have decided whether Mellon's reliance on its own valuation of the RGI stock, without reference to the market for such stock, was proper.

Similarly, we believe that the district court should have addressed Kenny's con-

tentions concerning flaws in Mellon Bank's methodology for determining the value of the RGI stock. As an independent fiduciary of an employee benefit plan subject to ERISA coverage, Mellon was bound by the obligations that ERISA imposes on plan fiduciaries. ERISA requires plan fiduciaries to act solely in the interest of the participants and beneficiaries of the plan and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1) (1982). After Kenny and the Secretary had objected to Mellon's methodology in valuing the RGI stock, we think that the district court had an obligation to determine whether Mellon had acted with the care, skill, prudence, and diligence of a prudent man in arriving at its valuation. Specifically, the district court should have determined whether Mellon had met the "prudent man" standard (1) in its treatment of RGI's interest-bearing debt; (2) in failing to include in its valuation amounts that had been paid out to the Plan trustees as dividends and distributions; and (3) in relying solely upon its own internal valuation of the RGI stock without reference to the market for such stock.

The district court, however, made none of these determinations, because it was "unwilling to second-guess Mellon Bank." In view of our conclusion that the district court had an obligation to review the bases for Mellon's determinations and recommendation, we reverse the judgment of the district court approving the sale of the RGI stock pursuant to Mellon's recommendation and remand this case for further proceedings. On remand, it will be the duty of the district court to determine whether Mellon Bank adequately discharged its fiduciary duties under ERISA and its obligations under the consent order in reviewing the propriety of the sale of the RGI stock.

REVERSED AND REMANDED.

WIDENER, Circuit Judge concurring:

I concur in the result, and I concur in all of the opinion except that part of it which permits an appeal by Kenny who was not a party to the suit.

I would have permitted her to intervene in the appeal rather than permit her appeal when she was not a party.