878 F.2d 1430
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. R. ORGAIN, Jr., Plaintiff-Appellant,
James Robert Orgain, Jr., Memorial Monumental Association,
Inc., Cameron-Craig-Eanes-Orgain-Taylor Memorial
Monumental Assocation, Inc., Plaintiffs,
v.
CIRCUIT COURT OF LUNENBURG COUNTY, Va, Supreme Court of
Virginia, Defendants-Appellees.
 No. 88-2948.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 27, 1989.
Decided July 5, 1989.
Rehearing and Rehearing In Banc Denied Jan. 8, 1990.
 
 J.R. Orgain, Jr., appellant pro se.
 Gregory E. Lucyk (Office of the Attorney General of Virginia) for appellees.
 Before K.K. HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant J.R. Orgain[1] filed a civil action in district court against two Virginia state courts, complaining of the state courts' failure to grant them full access to certain privately-owned family cemeteries dating back to the eighteenth century. The district court dismissed the action for lack of subject matter jurisdiction. We affirm.
 
 
 2
 As a preliminary matter, we note that approximately 40 persons have moved to be made parties to this appeal. We deny these motions, as the movants did not participate, even informally, in the district court proceedings. See Kenny v. Quigg, 820 F.2d 665 (4th Cir.1987).
 
 
 3
 The district court correctly ruled that it lacked subject matter jurisdiction over this action. Federal district courts do not have the authority to review state court judgments. If a litigant is dissatisfied with a state court judgment, his sole judicial remedy is to pursue appellate remedies in the state courts and to seek further review in the United States Supreme Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).
 
 
 4
 Orgain, however, argues that the district court had jurisdiction to hear this suit under the National Historic Preservation Act, 16 U.S.C. Sec. 470-1(4), which established a federal policy of "contribut[ing] to the preservation of nonfederally owned prehistoric and historic resources and giv[ing] maximum encouragement to organizations and individuals undertaking preservation by private means." They also argue that the recent enactment of the Manassas National Battlefield Park Amendments of 1988, P.L. 100-647 (Nov. 11, 1988), gave the district court jurisdiction over this suit, because the amendments demonstrate Congress's desire to preserve gravesites.
 
 
 5
 This argument is without merit. The Historic Preservation Act does not afford a cause of action in federal court unless federal funds are being used in a manner inconsistent with the purposes of the Act. See Miltenberger v. Chesapeake & Ohio Ry. Co., 450 F.2d 971, 974 (4th Cir.1971). Orgain alleges that private actors, namely William and Stella Oakes, are responsible for interfering with his preservation efforts. The Manassas National Battlefield Park Amendments also do not help Orgain. This statute merely expanded the Manassas National Battlefield Park and compensated the owners of the new property to be included within the park. It did not give anyone wishing to preserve a gravesite the right to sue in federal court.
 
 
 6
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process. Orgain's motion for appointment of counsel is denied.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 As the corporate plaintiffs were not named in Orgain's notice of appeal, they are not properly before this Court. See Torres v. Oakland Scavenger Co., 56 U.S.L.W. 4740 (U.S. June 24, 1988) (No. 86-1845)