963 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PARMA CORPORATION, Plaintiff-Appellee,
v.
SUPER SAGLESS CORPORATION, Defendant-Appellant.
 No. 91-2202.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 6, 1992
Decided: May 22, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Richard C. Erwin, Chief District Judge. (CA-89-329-S-C)
 Argued: James John Foster, Wolf, Greenfield & Sacks, P.C., Boston, Massachusetts, for Appellant.
 William E. Mouzavires, Fairfax, Virginia, for Appellee.
 On Brief: Donald R. Steinberg, Wolf, Greenfield & Sacks, P.C., Boston, Massachusetts; Michael J. Ray, Wommle, Carlyle, Sandridge & Rice, Winston-Salem, North Carolina, for Appellant.
 Kim R. Bauman, Wyatt, Early, Harris, Wheeler & Hauser, High Point, North Carolina, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Parma Corporation and Super Sagless Corporation are parties to a licensing agreement, which Super Sagless breached. Super Sagless appeals the judgment of the district court granting Parma's motion for arbitration of a dispute concerning continuing royalties. We affirm.
 
 
 2
 * Parma, a North Carolina corporation, researches and develops innovative components used in the production of furniture; Super Sagless, a Delaware corporation, manufacturers and markets those components. In 1981, Parma and Super Sagless agreed that Super Sagless would produce and sell certain of Parma's inventions used in reclining chairs in return for a percentage of the sales. After a dispute arose between the parties, Super Sagless stopped paying royalties on one family of inventions.
 
 
 3
 Parma filed suit in the United States District Court for the Middle District of North Carolina asking for a declaration that certain products of Super Sagless embodied the licensed invention and for the royalties due from sales of those products. Upon Super Sagless' invocation of an arbitration clause in the license agreement, the district court ordered arbitration.
 
 
 4
 Before the arbitration hearing, the parties agreed on the question to be submitted to the arbitrators:
 
 
 5
 Whether or not certain mechanisms sold by Super Sagless Corporation embody an invention licensed under an agreement between Super Sagless Corporation and Parma Corporation and for which royalties must be paid to Parma Corporation by Super Sagless Corporation.
 
 
 6
 At the hearing, the parties confirmed that their dispute was confined to that issue. In its post-hearing brief, however, Parma requested that the arbitration board direct Super Sagless to pay royalties on all future sales of mechanisms that corresponded to those at issue.[1]
 
 
 7
 The arbitrators rejected Super Sagless' defenses[2] and, on October 19, 1990, awarded Parma $1,572,270, plus interest from that date, as well as fees and expenses. The award, issued without findings or explanation, stated that it was "in full settlement of all claims and counterclaims submitted to this arbitration." A few weeks later, the district court entered the award as its own judgment.
 
 
 8
 Although the license agreement remained in force, Super Sagless persisted in its refusal to pay royalties on sales made after the date of the arbitration award. Consequently, in March 1991, Parma returned to district court, asking for new arbitration to determine the amount of those royalties. Super Sagless opposed renewed arbitration on the ground that Parma's action was precluded by the previous arbitration proceeding.
 
 
 9
 The district court ordered arbitration without ruling on the claim preclusion issue, stating only that the parties were to arbitrate "any questions arising out of or relating to the Award of October 19, 1990." The court, pursuant to 28 U.S.C. § 1292(b), also certified the issue for immediate appellate review.
 
 II
 
 10
 Super Sagless argues that Parma is precluded from again raising the claim for royalties. According to Sagless, Parma requested future royalties in its post-hearing brief by asking the arbitrators to direct Sagless to pay future royalties to Parma. Sagless contends that the decision to award Parma a lump sum "in full settlement of all claims submitted to arbitration" encompassed a denial of Parma's request. Implicit in this argument is the contention that Super Sagless is no longer obliged to honor the terms of the licensing agreement because the arbitrators rejected their liability for future royalties.
 
 
 11
 Claim preclusion, by which a valid and final judgment bars another action by the plaintiff on the same claim, serves the interests of fairness to the defendant and sound judicial administration. See Adkins v. Allstate Insurance Co., 729 F.2d 974, 976 (4th Cir. 1984). Those principles apply equally to claims settled by arbitration. See Schattner v. Girard, Inc., 668 F.2d 1366, 1368-69 (D.C. Cir. 1982).
 
 
 12
 In order for a claim to be precluded from subsequent judicial consideration, however, there must have been a final judgment on the merits in a proceeding that involved the same parties or their privies. In addition, the claims in the subsequent litigation must be substantially the same as those in the prior litigation. Shoup v. Bell & Howell Co., 872 F.2d 1178, 1179 (4th Cir. 1989). Super Sagless does not dispute that this case involves the same litigants and that the arbitration award is a final judgment on the merits. Accordingly, the narrow issue we consider is whether the relief requested by Parma in its posthearing brief should be considered the "same claim" for purposes of claim preclusion.
 
 
 13
 The Supreme Court addressed the impact of subsequent conduct on claim preclusion in Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955), and ruled that the judgment dismissing with prejudice a previous antitrust action did not bar a second suit. In that case, the defendant's conduct which led to the second lawsuit had occurred after the judgment disposing of the first action. The Court reasoned that the first judgment could not have extinguished claims which did not yet exist and which could not possibly have been sued upon. Id. at 328.
 
 
 14
 This circuit and others have relied on Lawlor to hold that "res judicata has very little applicability to a fact situation involving a continuing series of acts, for generally each act gives rise to a new cause of action." Crowe v. Leeke, 550 F.2d 184, 187 (4th Cir. 1977) (applying Lawlor principle in prisoner class action suit); see also Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987) (applying Lawlor principle in employee stock ownership claim); Singer Co. v. Skil Corp., 803 F.2d 336, 343 (7th Cir. 1986) (applying Lawlor principle in a licensing transaction).
 
 
 15
 These holdings are consistent with the principles articulated in the Restatement (Second) of Judgments. Section 26 of the Restatement lists exceptions to the general rule prohibiting plaintiffs from splitting their claims into separate actions. See Restatement (Second) of Judgments, §§ 24, 26 (1982). One exception is that plaintiffs may, in cases involving a continuing or recurrent wrong, choose to sue once for the total harm or to sue as damages accrue. Id. at § 26(e). When adjudication of a breach of contract is not followed by a repudiation of the contract, the plaintiff may elect to treat [the breach] as being merely a partial breach. If he so elects, he is entitled to maintain an action for damages sustained from breaches up to the time of the institution of the action, and the judgment does not preclude a further action by him for a breach occurring after that date.
 
 
 16
 Id. § 26, cmt. g.
 
 
 17
 We conclude that the issue of future damages was not submitted to the arbitrators. Parma initially sued only for past royalties. Likewise, the joint submission of the issue to the arbitrators and the introductory statements made at the hearing did not refer to future royalties. Further, the parties did not present evidence on the issue of future royalties to the arbitrators. Finally, the arbitrator found that Sagless was liable for the payment of past royalties and it would have been inconsistent for it to hold simultaneously that Sagless was not liable for future royalties. Thus, in our view, Parma is not precluded from making this claim.
 
 
 18
 The judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 In that document, Parma renewed its request for past royalties, stating:
 The Board is also requested to direct that Super Sagless should pay royalties on all future mechanisms corresponding to the 939 family or otherwise embodying the licensed INVENTION, pursuant to the Agreement.
 
 
 [2]
 Super Sagless defended its failure to pay royalties on the grounds that the specific mechanisms at issue did not incorporate Parma's inventions, and that Parma had violated the agreement by licensing the inventions to other producers