989 F.2d 492
 25 Fed.R.Serv.3d 282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CSX TRANSPORTATION, INCORPORATED; The Connecticut National
Bank, Trustee Mortgage, Plaintiffs-Appellees,
NR Vessel Corporation, Party in Interest-Appellant,
and
Callis Ship Guard Services, Incorporated, Plaintiff,
v.
UNITED STATES CRUISES, INCORPORATED, In Personam, Defendant-Appellee,
Marmara Marine, Incorporated; United States Marshal,
Parties in Interest-Appellees,
and
The s/s United States, Her Engines, Tackle, Apparel, Etc.,
In Rem, Defendant.
CSX Transportation, Incorporated; The Connecticut National
Bank, Trustee Mortgage, Plaintiffs-Appellees,
and
Callis Ship Guard Services, Incorporated, Plaintiff,
v.
Marshall P. Safir, Party in Interest-Appellant,
and
United States Cruises, Incorporated, In Personam, The s/s
United States, Her Engines, Tackle, Apparel, Etc.,
In Rem, Defendants,
 Nos. 92-1670, 92-1677.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 25, 1992
Decided: March 30, 1993
 
 NR VESSEL CORPORATION, MARMARA MARINE, INCORPORATED; UNITED STATES MARSHAL, Parties in Interest. Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CA-91-141-NN)
 John Lucian Smith, Jr., OUTLAND, GRAY, O'KEEFE & HUBBARD, Chesapeake, Virginia, for Appellant.
 NR Vessel Corp.; Marshall P. Safir, Appellant Pro Se.
 John R. Crumpler, Jr., Patrick Hugh O'Donnell, KAUFMAN & CANOLES, Norfolk, Virginia; Waverley Lee Berkley, III, JETT, BERKLEY, FURR & PADGETT, Norfolk, Virginia; Philip Norton Davey, DAVEY ASSOCIATES, P.C., Norfolk, Virginia; J. Phillip Krajewski, Assistant United States Attorney, Norfolk, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 NR Vessel Corporation ("NR") and Marshall P. Safir seek to appeal the district court's confirmation of the sale of the passenger liner S/S United States and the distribution of the proceeds from its sale. Appellees filed motions to dismiss these appeals. Though we deny the motions to dismiss, we affirm the district court because it did not abuse its discretion in denying NR and Safir leave to intervene under Fed. R. Civ. P. 24(a)(2).
 
 
 2
 CSX Transportation ("CSXT"), a Virginia corporation, libeled the former passenger liner in an in rem admiralty proceeding in the Eastern District of Virginia to recover for two maritime liens. CSXT also proceeded in personam against the vessel's owner, United States Cruises, Inc. The owner appeared and filed an answer in both the in rem and in personam suits. The holder of the preferred ship mortgage and mortgagee trustee, Connecticut National Bank ("trustee bank"), later intervened in the proceedings.
 
 
 3
 After some delay, the vessel was sold at a judicial sale on April 27, 1992 to Marmara Marine, Inc. ("Marmara"), a Delaware corporation. Marmara was the highest bidder at $2.6 million. No objections to the sale were filed within the two-day period for filing objections to judicial sales provided for in a local court rule. (E.D. Va. R. 23).
 
 
 4
 On May 6, the U.S. Marshal executed the bill of sale to Marmara. On May 14 the district court held a post-sale hearing and awarded CSXT $83,617 for in custodia legis expenses and $20,000 for the maritime tort of trespass. The district court also awarded the trustee bank $192,882.45 for in custodia legis expenses and the balance of the sale price, more than $2.25 million, as judgment on the mortgage. The district court did not dispose of the bank's and CSXT's in personam claims against United States Cruises, Inc., until two months later.
 
 
 5
 NR, the fourth highest bidder, a Delaware corporation and the Appellant in 92-1670, attempted to intervene on April 30, pursuant to Fed. R. Civ. P. 24(a)(2). The district judge denied the motion, because at the time of the hearing on May 4 NR had not paid $8400 to cover the vessel's expenses for seven days, as required by Local Admiralty Rule (e)(15)(c). NR sought to invalidate the sale to Marmara, and to displace the second and third ranking bidders as well, by claiming their foreign control violated 46 U.S.C.A. § 865a (West Supp. 1992). NR filed a timely notice of appeal from the district judge's denials of its motion to intervene and his order confirming the vessel's sale.
 
 
 6
 After the district court confirmed the vessel's sale but before it disbursed the proceeds, Safir, the one-time owner of Sapphire Shipping Lines, Inc., and the Appellant in 92-1677, unsuccessfully attempted to file with the district court a motion to intervene and for a stay. Safir maintains that he possesses a non-recorded maritime lien which arose prior to the ship's mortgage. He subsequently filed a notice of appeal from the district court's disbursement order.
 
 
 7
 On June 4, after NR had filed a notice of appeal but before Safir did so, the vessel reportedly left the port of Hampton Roads, Virginia, under tow and destined for Turkey for restoration. No party disputes that suggestion in their filings before this Court. Marmara moved to intervene pursuant to 4th Cir. I.O.P. 12.6 and to dismiss NR's appeal. Appellees CSXT and the trustee bank filed motions to dismiss both appeals.*
 
 
 8
 Only the original parties or intervenors in the district court proceedings may appeal district court judgments, except for those persons with an interest in the litigation who participated actively in the proceedings below. Kenny v. Quigg, 820 F.2d 665, 667-68 (4th Cir. 1987). NR filed for intervention as of right under Fed. R. Civ. P. 24(a)(2) and Safir's request appears to fit most closely the situation in Rule 24(a)(2) where an applicant claims an interest relating to the property or transaction which is the subject of the original proceeding.
 
 
 9
 A district court's denial of a motion to intervene under Fed. R. Civ. P. 24(a)(2) is reviewed for an abuse of discretion. Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989), cert. denied, 493 U.S. 1058 (1990). To secure intervention of right in a district court proceeding, the moving party must file a timely request and satisfy the requirements for interest, impairment of interest, and inadequate representation. Id. An appellate court determining the timeliness of a motion to intervene should review such matters as how far the suit has progressed, the prejudice which delay might cause other parties, and any reasons for tardiness in moving to intervene. Id. at 286.
 
 
 10
 The district court did not abuse its discretion in denying NR leave to intervene because NR's request was untimely. NR failed to comply with the local court rule requiring the posting of adequate security to cover the vessel's expenses for one week. NR's request was made three days after the judicial sale of the vessel. If granted, NR's intervention likely would have required substantial additional litigation. See Gould, 883 F.2d at 286. NR sought to invalidate the sale of the S/S United States to Marmara, and to displace the second and third ranking bidders as well, by claiming their foreign control violated 46 U.S.C.A. § 865a. Therefore, we conclude that the district court did not abuse its discretion in denying NR's motion to intervene.
 
 
 11
 We also conclude that the district court did not abuse its discretion in denying Safir leave to intervene, though it never acted formally on Safir's motion. His request was made after the district court confirmed the sale of the S/S United States. In addition, granting Safir's intervention motion would have prejudiced other parties. Granting his motion would have required additional litigation over the priority of recorded and non-recorded maritime liens because Safir maintains that he possesses a non-recorded maritime lien which arose prior to the ship's mortgage.
 
 
 12
 Therefore, we affirm the district court's orders. Because our resolution of the intervention issue is dispositive, we do not reach the issue of the propriety of the sale of the vessel. See Gould, 883 F.2d at 284. We deny Appellees' motions to dismiss these appeals for lack of jurisdiction and to dismiss as moot and their motions to impose sanctions pursuant to Fed. R. App. P. 38. We deny leave to NR and Safir to intervene on appeal, but grant such right to Marmara, which filed a request pursuant to 4th Cir. I.O.P. 12.6. We also deny Safir's motion for an expedited decision.
 
 
 13
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Appellees argued that this Court lacked jurisdiction over these appeals because the vessel had left the territorial jurisdiction of the district court. This "settled admiralty principle" is no longer applicable in cases of in rem forfeiture proceedings. Republic Nat'l Bank v. United States, 61 U.S.L.W. 4027 (U.S. 1992). We assume, without deciding, that this Court would retain jurisdiction, though the vessel left this country's waters, but we affirm for the reasons cited in the opinion