**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MATTHEW DAVIS,
Party in Interest-Appellant,

and

LISA G. LEAK-DAVIS, and (Minor
Child), Ms. Malisa B. Davis, on
behalf of Husband and Father
Matthew Davis, #00270-131, and          No. 98-7025
his Grants of Immunities,
Petitioner,

v.

WILLIE SCOTT, Warden; JANET RENO,
United States Attorney General,
Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CA-98-437-1, CR-95-284)

Argued: April 6, 1999

Decided: May 19, 1999

Before WIDENER, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Dismissed by published opinion. Judge Motz wrote the opinion, in
which Judge Widener and Judge Murnaghan joined.

_____

**COUNSEL**

**ARGUED:** Christopher Mizzo, Student Counsel, UNIVERSITY OF VIRGINIA SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Charlottesville, Virginia, for Appellant. Gill Paul Beck, Assistant United States Attorney, Greensboro, North Carolina, for Appellees. **ON BRIEF:** Neal L. Walters, UNIVERSITY OF VIRGINIA SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Charlottesville, Virginia, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellees.

_____

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

When the wife of a federal prisoner applied for habeas relief "on behalf of" her husband, a magistrate judge dismissed her petition without prejudice to the prisoner filing his own petition. Finding the ruling not clearly erroneous or contrary to law, the district court affirmed. The prisoner himself now seeks to appeal that ruling. Because the prisoner lacks standing to appeal, we must dismiss this case for lack of jurisdiction.

I.

On May 22, 1998, Lisa Leak-Davis (and her minor daughter) applied for a writ of habeas corpus "on behalf of" her husband, Matthew Davis, a federal prisoner. Although Davis did not join the application, he did file a detailed affidavit in support of it.

For reasons not clear from the record, the case was referred to a magistrate judge, who issued an order dismissing Leak-Davis's application without prejudice to Davis filing his own petition for habeas relief. The judge reasoned that he could not "process" Leak-Davis's application because it was not filed on the proper form and exceeded the page limits set forth in the local rules. In addition to these "technical difficulties," the magistrate judge also noted "more substantive reasons why this filing [wa]s not acceptable": Leak-Davis was not the

2

proper party to file the application; the application purported to seek relief pursuant to 28 U.S.C.A. § 2241 when it should have sought relief under 28 U.S.C.A. § 2255; and the application was premature because Davis's direct appeal was still pending at the time. See 28 U.S.C.A. §§ 2241, 2255 (West 1994 & Supp. 1998).

Davis filed timely objections to the magistrate judge's order; Leak-Davis filed no objections. Davis objected to the magistrate's conclusion as well as to its jurisdiction to enter a final order without consent of the parties. The district court "affirmed" the magistrate's order, dismissing the habeas application. The court reasoned that Davis was not a party to the original application and that the magistrate's order was not "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72; 28 U.S.C.A. § 636(b)(1)(A) (West 1993). Davis seeks to appeal that ruling.

Davis maintains that we must reverse, arguing that the magistrate judge lacked jurisdiction to dismiss Leak-Davis's application because the parties never consented to the magistrate judge's authority to enter final judgment. See 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1998). Davis contends that the district court's subsequent action, affirming the magistrate judge's dismissal order, did not "cure" this asserted error because the district court determined only that the magistrate judge's order was not clearly erroneous or contrary to law, when de novo review was required. See Aluminum Co. of Am. v. EPA, 663 F.2d 499, 501 (4th Cir. 1981). We can reach this question only if Davis, the sole appellant before us, has standing to raise it.

II.

The threshold issue in this case is thus jurisdictional -- whether Davis has standing to bring this appeal. Only if he does can we address the arguments he makes on the merits. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 549 (1986) (holding that because sole appellant had no standing "Court of Appeals was without [both] jurisdiction to hear the appeal" and "authority to decide the merits"); see also Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981).

It is well established that, "persons who are neither original parties to, nor intervenors in, district court proceedings ordinarily may not

3

appeal a judgment of the district court." <u>Kenny v. Quigg</u>, 820 F.2d 665, 667 (4th Cir. 1987). This rule, however, is not without exception. For example, "a person who [1] ha[s] an interest in the cause litigated and [2] [has] participated in the proceedings actively enough to make him privy to the record may appeal despite the fact that he was not named in the complaint and did not intervene." <u>Id</u>. at 668 (citations omitted). Some courts have added a third requirement to this exception: that "the equities weigh in favor of hearing the appeal." <u>EEOC v. Louisiana Office of Community Serv.</u>, 47 F.3d 1438, 1442 (5th Cir. 1995); <u>see also Binker v. Pennsylvania</u>, 977 F.2d 738, 745 (3d Cir. 1992); <u>SEC v. Wencke</u>, 783 F.2d 829, 834-35 (9th Cir. 1986).

The question before us, then, is whether Matthew Davis, who was neither an original party to, nor an intervenor in, this action, has standing to pursue this appeal. We conclude that he does not. Indeed, we believe Davis does not even satisfy the initial element of the <u>Kenny</u> test -- he does not have the requisite "interest in the cause litigated."

Undoubtedly, as Davis maintains, he has a substantial interest in his own habeas relief. So too Davis would have a substantial interest in a habeas petition properly filed by a next friend. <u>See</u> 28 U.S.C.A. § 2242; <u>see generally Whitmore v. Arkansas</u>, 495 U.S. 149 (1990) (discussing next friend doctrine). However, Davis does not have any significant interest in the instant litigation because it consists merely of a flawed petition erroneously filed by Davis's wife, who he concedes was not acting as a next friend in this case. <u>See</u> Brief of Appellant at 21 & n.11.

The magistrate judge's dismissal order and the district court's affirmance of it do not, in any way, affect Davis's right to seek habeas review of his conviction. First, the magistrate judge was entirely without jurisdiction to enter his order dismissing Leak-Davis' application; 18 U.S.C. § 636(c) had not been complied with by the parties consenting to his entry of judgment in the case, and absent such compliance, he had no jurisdiction to enter an order dismissing the case. Second, as the Government recognized at oral argument, the limitations period has not yet run on Davis's right to file a habeas petition.*

_____

*Davis's conviction was affirmed on August 28, 1998. <u>See United States v. Davis</u>, 162 F.3d 1156, 1998 WL 558754 (4th Cir. Aug. 28,

4

Finally, as the Government also conceded, any habeas petition Davis files will not be subject to dismissal as successive because of Leak-Davis's application since Davis never became a party to that application.

In sum, Davis has failed to demonstrate any way in which dismissal of Leak-Davis's application will affect him. We are not aware of any case in which a non-party to a suit, who is not affected by the decision in that suit, has been permitted to appeal a judgment in the action. But cf. United States v. LTV Corp., 746 F.2d 51, 53-54 (D.C. Cir. 1984) (denying non-party appeal because final judgment in case did not foreclose other avenues of relief available to that non-party).

To the contrary, when courts have permitted a non-party to appeal, they have repeatedly emphasized the impact of the appeal on the non-party and the necessity of granting the appeal to preserve that non-party's rights. See, e.g., Curtis v. City of Des Moines, 995 F.2d 125, 128 (8th Cir. 1993) (following Kenny and permitting non-parties to appeal because they participated in proceedings before district court and their interests were damaged by district court's order); United States v. International Bhd. of Teamsters, 931 F.2d 177, 180, 184 (2d Cir. 1991) (non-party that was bound by district court's order and retained contractual interest in preserving rights had standing to appeal); In re Eastern Sugar Antitrust Litig. , 697 F.2d 524, 527-28

_____

1998) (unpublished) (per curiam). A federal prisoner may file a habeas petition anytime within one year from "the date on which the judgment of conviction becomes final." See 28 U.S.C.A. § 2255. The statute does not define "the date on which the judgment of conviction becomes final," nor have we yet addressed the issue. But, as the Government admits, Davis has at least until August 28, 1999 to file a habeas petition. Compare Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (holding that a "judgment of conviction becomes final" for purposes of § 2255 either when the Supreme Court acts by affirming a conviction on its merits or denying certiorari or when the 90-day period for applying for certiorari expires) with Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998) (holding that § 2255 statute of limitations begins to run when appeals court issues its mandate in the direct appeal if prisoner does not file a certiorari petition).

5

(3d. Cir. 1982) (non-parties with ties to district court proceedings and aggrieved by district court's judgment had standing to appeal).

Finally, contrary to Davis' suggestion, his asserted systemic interest in correcting perceived defects in the judicial process does not constitute the type of interest contemplated by Kenny. See 820 F.2d at 668. Indeed, if the Kenny exception allowed any non-party with a systemic interest in litigation to appeal an order of the district court, the exception would certainly swallow the rule.

III.

Because Davis is not a party to, nor an intervenor in, this action, and because he does not fall within the Kenny exception to the general rule against non-party appeals, Davis does not have standing to bring this appeal. Moreover, since Davis lacks standing, we cannot consider the merits of his underlying claims. See Bender , 475 U.S. at 549; Firestone, 449 U.S. at 379. Accordingly, we dismiss the case for lack of jurisdiction.

DISMISSED

6