**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1424**

MARGARITA V. SERNA,

          Plaintiff - Appellant,

     and

LINDA I. VALERINO; DORA M. ALVARADO; JEFFREY L. BOHN; TAM M.
WYATT,

          Plaintiffs,

          v.

ERIC H. HOLDER, JR., in his official capacity as United
States Attorney General,

          Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:12-cv-00712-GBL-JFA)

Argued:  January 29, 2014              Decided:  March 6, 2014

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Andrew Charles Simpson, ANDREW C. SIMPSON, P.C.,
Christiansted, Virgin Islands, for Appellant.  Antonia Marie
Konkoly, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.  **ON BRIEF**: D.Z. Kaufman, KAUFMAN LAW

GROUP, PLLC, Vienna, Virginia, for Appellant.   Kathleen M. Kahoe, Acting United States Attorney, R. Joseph Sher, Deputy Chief, Civil Division, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A year after a partial dismissal order in her first Title VII suit, Margarita Serna filed another one -- alleging similar acts of wrongdoing, encompassing roughly the same time period, and advancing related legal theories. The district court dismissed the suit, holding that its claims were precluded by the final merits judgment in the first case. We now affirm.

I.

Margarita Serna is a Deputy United States Marshal with the U.S. Marshals Service (USMS). In 2005, Serna filed an Equal Employment Opportunity (EEO) complaint against the USMS, alleging discrimination. She filed additional complaints in 2005, 2007, and 2009, alleging various forms of discrimination, a hostile work environment, and retaliation.

In December 2009, Serna filed her first lawsuit, alleging that the USMS violated Title VII of the Civil Rights Act of 1964 by retaliating against her for submitting EEO complaints. She amended the complaint in August 2010. The complaint had a broad scope, alleging discrimination and a hostile work environment, as well as numerous acts of retaliation in the several years following Serna's 2005 and 2007 EEO complaints.

In May 2011, the district court awarded the government summary judgment on Serna's retaliation claims. In July 2011,

Serna and the government signed a settlement agreement on her remaining claims. The agreement provided that Serna "agrees to withdraw and quit for all time any and all claims, demands[, etc.] . . . that were filed in this case or could have been filed against the Attorney General . . . and further agrees to waive, withdraw, and/or quit any and all claims, demands[, etc.] . . . against the Attorney General . . . arising out of transactions, occurrences or events which were, or could have been, alleged or litigated in this case." J.A. 59-60. However, the agreement provided that it did "not affect [Serna's] participation as a plaintiff in the action captioned *Linda I. Valerino*[] *et*[] *al. v. Eric H. Holder, Jr.*" J.A. 60.

The Valerino class action was brought by Serna and four other USMS employees while Serna's first lawsuit was pending. The Valerino suit proceeded to discovery on allegations that the USMS merit-selection process allowed managers to discriminate against employees on the basis of gender and retaliate against them if they filed EEO complaints. Serna was both an individual plaintiff and a proposed class representative. In addition to class-wide claims, Serna made individual allegations of discrimination and retaliation. The district court ultimately denied class certification and granted the government's motion for judgment on the pleadings. It directed each Valerino

4

plaintiff to file an individual complaint containing the plaintiff's individual claims within 21 days.

Serna timely filed her amended complaint in this case, her second individual lawsuit, in July 2012. The complaint in the second lawsuit was based on alleged retaliation against Serna in the USMS merit-selection system after Serna's 2005 and later EEO complaints, including in the 2009-2010 timeframe not explicitly addressed by the amended complaint in the first lawsuit. Specifically, Serna alleged: (1) disparate treatment, (2) disparate impact, (3) a denial of a temporary duty assignment to the USMS internal-affairs division, (4) a denial of a permanent promotion to be Chief Deputy U.S. Marshal for the District of Hawaii, and (5) a denial of promotion to Investigator in the USMS Office of Inspections.

The government moved to dismiss the case on several grounds, including that the settlement agreement in the first lawsuit precluded the second lawsuit. The parties held oral argument, after which the government, in a sur-reply, argued that Serna was also barred from bringing the second lawsuit by the final summary-judgment order dismissing her retaliation claims in the first suit. The district court agreed that Serna's claims were independently barred by the final judgment

as well as the settlement agreement in the first lawsuit.[1]  Serna now appeals.

## II.

Under the doctrine of claim preclusion (often referred to as res judicata), "a prior judgment bars the relitigation of claims that were raised or could have been raised in the prior litigation."  Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999).  Claim preclusion serves a variety of purposes. It protects litigants against repetitive litigation, and it conserves judicial resources.  See Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161-62 (4th Cir. 2008).  More broadly, it increases confidence in the judicial system by avoiding inconsistent results and ensuring that private disputes have final, settled outcomes.  18 Charles Alan Wright et al., Federal Practice and Procedure § 4403, at 23-24, 26-27 (2d ed. 2002).

---

[1] Serna complains that the district court erred in considering an argument raised by the government in a sur-reply and independently taking judicial notice of the record in the first lawsuit.  However, Serna has had the opportunity to fully brief this court on the relevant issues.  Thus, assuming arguendo that the lower court procedurally erred in how it addressed the first lawsuit's claim-preclusive effects, remand on that ground would be unnecessary.

A prior claim precludes a later one if three conditions are satisfied:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

Pittston, 199 F.3d at 704 (quoting In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996)) (internal quotation marks omitted). We review the district court's application of claim preclusion de novo. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004).

Here, the first two elements of claim preclusion are plainly satisfied. No one disputes that the first lawsuit ended with a final judgment on the merits. The district court granted summary judgment to the government because no genuine issue of material fact existed as to the merits of Serna's Title VII retaliation claims. In addition, the parties' voluntary dismissal with prejudice following the settlement agreement "is a valid, final judgment on the merits," Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987), and thus has potential claim-preclusive effect to the extent intended by the parties, see United States ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 913-14 (4th Cir. 2013). As to the identity of the parties, both

7

lawsuits involved Serna and the Attorney General as plaintiff and defendant, respectively.

Only the third element -- whether the causes of action are identical -- is thus at issue. This inquiry turns on "whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" Pittston, 199 F.3d 694 at 704 (quoting Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986)). "The expression 'transaction' in the claim preclusion context 'connotes a natural grouping or common nucleus of operative facts.'" Id. (quoting Restatement (Second) of Judgments § 24 cmt. b (1982)). Determining whether claims are based on the same cause of action is a fact-bound and practical task, and "[a]mong the factors to be considered . . . 'are [the claims'] relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.'" Id. (quoting Restatement (Second) of Judgments § 24 cmt. b.).

Of particular importance to this case, we focus on the "core of operative facts" for the plaintiff's claims and causes of actions, not the legal labels attached to them, when applying the transactional approach to claim preclusion. Pueschel, 369 F.3d at 355 (quoting In re Varat, 81 F.3d at 1316) (internal quotation marks omitted). "Were we to focus on the claims

8

asserted in each suit, we would allow parties to frustrate the goals of [claim preclusion] through artful pleading and claim splitting given that '[a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law.'" Id. (quoting Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166 (1st Cir. 1991)).

For several reasons, we are persuaded that Serna's two lawsuits were based on the same cause of action. First, they were similar in scope and subject matter. Both suits concerned the same type of wrongdoing: employment discrimination. Both alleged the same category of adverse-employment action: retaliation after the filing of EEO complaints. Both described similar injuries: denial of promotion, transfer, and temporary duty assignment. And both involved the 2005-2008 period during which much of the alleged retaliation occurred.

Second, the language of the amended complaint in the first lawsuit encompassed, at least in part, Serna's allegations in her second suit. Serna broadly alleged retaliation "designed to punish [her] for seeking redress for the violation of her civil rights." J.A. 148. She repeatedly characterized the list of adverse employment actions against her as "without limitation." J.A. 137, 139. The injuries Serna identified as a result of the retaliations included "lost promotions . . . and future lost

9

promotions," J.A. 148, and the wrongdoing she described was not limited to her immediate supervisors, but rather extended to USMS management practices more broadly.

Given that one of the purposes of claim preclusion is to encourage plaintiffs to bring all related claims in the same lawsuit, it is relevant to our inquiry that Serna could have brought in her first lawsuit all the claims she alleged in her second. As the district court found, all of the adverse employment actions Serna alleged in her second lawsuit had likely come to pass prior to the filing of the amended complaint in her first lawsuit in August 2010, and certainly before she and the government voluntarily dismissed the case in August 2011. Although Serna protests that, prior to discovery in the Valerino case and the outcome of her Freedom of Information Act requests, she did not have the information necessary to support the allegations in the second lawsuit, her lack of knowledge of a potential claim does not determine the claim-preclusion inquiry; what matters is that the claim itself existed at the time of the first lawsuit. See Harnett, 800 F.2d at 1313; see also Keith v. Aldridge, 900 F.2d 736, 740 n.5 (4th Cir. 1990) ("For [claim preclusion] purposes, . . . it is the existence of the claim, not awareness of it, that controls."). In addition, although Serna argues that confidentiality issues in the first lawsuit made it impracticable to include her later claims, she

10

never attempted to bring those claims in the earlier suit and test whether they could not in fact be litigated there.

To be sure, the two complaints do not literally allege the exact same thing. Serna is correct that the "gist" of her first lawsuit was the conduct of her immediate supervisors, Br. of Appellant at 12, whereas the second lawsuit alleged systemic problems with the USMS's merit-selection process. And while the language of the amended complaint in the first suit was limited to that of individual Title VII violations, the complaint in the second suit described statistical disparities in treatment and impact, as well as patterns and practices of retaliatory activity. As explained above, however, the legal labels used in the complaints do not govern the claim-preclusion inquiry; what matters is that the causes of action in the two lawsuits were the same. Thus, whatever differences of emphasis may exist between the two lawsuits do not suffice to defeat claim preclusion, which is intended to prevent the sort of dribbling of claims from earlier lawsuits to later ones that occurred here.

Finally, there is the issue of the settlement agreement, which, as noted above, has claim-preclusive effect to the extent contemplated by the terms of the agreement. Serna and the government take markedly different views of the agreement's scope. The government points to the language that precludes

11

"any and all claims, demands[, etc.] . . . against the Attorney General . . . arising out of transactions, occurrences or events which were, or could have been, alleged or litigated in this case." Serna, by contrast, notes that the agreement explicitly does "not affect [Serna']s participation as a plaintiff in the action captioned *Linda I. Valerino*[] *et*[] *al. v. Eric H. Holder Jr.*" Serna argues that the claims in her second lawsuit were simply the individual claims she raised as a proposed class representative in the Valerino class action and that, since her individual claims were necessary for her to participate as a class representative, the settlement agreement could not have been intended to preclude those claims.

While a sufficiently clear agreement between the parties could have operated as a waiver of any defense of claim preclusion arising out of the first lawsuit, the intention of the parties in executing this particular settlement agreement is too murky. Thus, the ordinary principles of claim preclusion apply, and the affirmative defense remained one that the defendant was able to assert successfully. See Keith, 900 F.2d at 741 ("If the parties intended to foreclose through agreement litigation of a claim, assertion of that claim in a later suit, whether or not formally presented in the earlier action, is precluded. Claim preclusion will not apply, however, if the parties intended to settle only one part of a single claim and

12

intended to leave another part open for future litigation.")
(citation omitted).

III.

For the foregoing reasons, we hold that Serna's second lawsuit was barred by the claim-preclusive effects of her first one. The district court's judgment is therefore affirmed.

AFFIRMED

13